# IN THE SUPREME COURT OF TEXAS

No. 20-0134

IN RE CITY OF GALVESTON, TEXAS, RELATOR

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BLACKLOCK, concurring.

I concur in the denial of mandamus relief and join the Court's opinion except for section III.B. I agree with the Court that the parties' agreement bars the mandamus relief sought by the City of Galveston. I disagree, however, with the Court's decision to address whether the Land Commissioner had a duty to refer the City's claim to SOAH under chapter 2260 of the Government Code. When the City bargained away its right to sue, it also bargained away its right to have a court address its legal arguments. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993) (advisory opinions prohibited).

I am also unconvinced by the Court's view of the Commissioner's obligation to refer claims to SOAH under section 2260.102(c). That provision requires the Commissioner to refer a claim "[o]n receipt of a request under Subsection (a)." TEX. GOV'T CODE § 2260.102(c). Subsection (a) states: "If a contractor is not satisfied with the results of negotiation with a unit of state government under Section 2260.052, the contractor may file a request for a hearing with the unit of state government." *Id*. § 2260.102(a). So the "request under Subsection (a)" that triggers the Commissioner's referral obligation is a request from a "contractor." "Contractor" is a defined

term.  It means "an independent contractor who has entered into a *contract* directly with a unit of state government."  *Id*. § 2260.001(2) (emphasis added).  "Contract," in turn, "means a written contract between a unit of state government and a contractor for goods or services."  *Id*. § 2260.001(1).

Reading these provisions together, the Commissioner's obligation to refer a claim to SOAH arises only if the claimant is an "independent contractor" and only if the disputed contract is "between a unit of state government and a contractor for goods or services."  If the disputed agreement is not a "contract"—or if the City is not an "independent contractor"—the statute imposes no referral obligation on the Commissioner.  Thus, in order to know whether section 2260.102(c) obligates him to refer the claim, the Commissioner must first know whether the claimant has submitted a "request under Subsection (a)," which turns on whether the claimant is a "contractor" as defined by the statute.  In most cases, the answer will be clear.  Here, it is not, and in such a case, the statutory scheme leaves it to the Commissioner to make the initial determination whether the claimant has triggered the section 2260.102(c) duty to refer the claim to SOAH.  Nothing in chapter 2260 obligates the Commissioner to refer the claim of just anyone who *claims* to be a contractor.  The obligation arises only if the request comes from a "contractor" as defined by the statute.  It may seem unfair to some that the agency may act as gatekeeper in this way, but that is the way the statute is written.  We should not impose an obligation on the Commissioner that the statute does not.

The Court's opinion leaves open whether the disputed agreement is a "contract" under chpater 2260 and whether the City is an "independent contractor."  In the Court's view, the

2

Commissioner cannot make these determinations, but SOAH can. Yet the Court says the Commissioner's obligation to refer the City's claim to SOAH was triggered by the Commissioner's receipt of the City's request. I fail to see how the Commissioner's referral obligation could possibly have been triggered unless the disputed agreement was a "contract" and the City was an "independent contractor."

An intergovernmental agreement allocating governmental responsibilities between the state and local level is not a "contract . . . for goods or services" in the traditional sense. The City of Galveston, in its role as pass-through administrator of federal funds, is not an "independent contractor" in the traditional sense. Although the matter is far from clear, there is ample reason to doubt that chapter 2260 covers such agreements. Indeed, the Model Rules promulgated by the Attorney General and adopted by many state agencies, including the Land Office, say that chapter 2260 does not apply to intergovernmental agreements like this one. 31 TEX. ADMIN. CODE § 3.60(b)(7). The Court's construal of chapter 2260 does not invalidate these administrative rules, but it does cast doubt on them, and it does so despite the City's failure to challenge the rules through the normal channels. *See* TEX. GOV'T CODE § 2001.038 (authorizing suits to invalidate administrative rules). On top of that, the Court's opinion improperly provides the City with a favorable interpretation of the law despite the City's clear lack of entitlement to mandamus relief.

I respectfully concur in the denial of mandamus relief and join the Court's opinion except for section III.B.

3

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** May 7, 2021